IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Number 09-MC-00030-None-MJW

UNITED STATES OF AMERICA,

    Petitioner,

v.

ALL MONIES UP TO $750,000.00 IN
BANK ACCOUNT #2016274540  HELD AT
WELLS FARGO BANK, NA, IN THE NAME
OF GREEN CREST LLC,

    Respondents.

## ORDER REGARDING
## RESPONDENTS' MOTION TO DISMISS (DOCKET NO. 3)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

    This matter is before the court on the Respondents' Motion to Dismiss (docket no. 3).  The court has reviewed the subject motion (docket no. 3) and the response (docket no. 10) thereto.  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure, federal statutes, and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

    On May 26, 2009, the government commenced administrative forfeiture proceedings against the subject accounts by sending notice to the movants (i.e., respondents in this case).  See 146 Cong. Rec. at H2051-H2052, 2000 WL 368969 (April 11, 2000) ("the date on which a forfeiture proceeding is commenced is the date on

2

which the first administrative notice of forfeiture relating to the property is sent"). The subject accounts were seized pursuant to a civil seizure warrant under 18 U.S.C. § 981(b) for the Internal Revenue Service to pursue administrative, or nonjudicial, forfeiture of the subject accounts. See 18 U.S.C. § 981(b). Pursuant to 18 U.S.C. § 983(a), in any nonjudicial civil forfeiture proceeding, the United States is required to send written notice to interested parties within 60 days after the date of seizure. In this case, the government sent notice to the movants on May 26, 2009, forty days prior to its deadline. Once administrative forfeiture is commenced, a claimant may contest the forfeiture by filing a claim within thirty-five days after the notice is mailed. See 18 U.S.C. § 983(a)(2)(B). In this case, the movants had an adequate remedy at law by filing a claim in the on-going administrative forfeiture proceedings, and have not yet availed themselves of challenging the forfeiture there. Thus, the movants' Motion to Dismiss (docket no. 3) is premature because the movants had an adequate remedy at law, and there is no reason for this court to exercise equitable jurisdiction over the subject motion (docket no. 3). See Floyd v. United States, 860 F.2d 999, 1002-04 (10th Cir. 1998); United States v. Deninno, 103 F.3d 82, 84 (10th Cir. 1996).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS** that Respondents' Motion to Dismiss (docket no. 3) is **DENIED**.

BY THE COURT

Date:  June 24, 2009                    s/ Michael J. Watanabe
          Denver, Colorado                    MICHAEL J. WATANABE
                                                        U.S. MAGISTRATE JUDGE